BISCHOFF, J.
plaintiff sued, as the assignee of one T„ Simon, to recover the agreed and aggregate price of a certain number of caps manufactured and delivered by the latter at the defendant’s instance and request. The defense to the action, a® originally interposed, were a general denial and a counterclaim for damages for the breach of an alleged warranty. The amount sued for was $73.93. The justice below awarded the plaintiff but $30.30. Hence the latter’s appeal from the judgment.
The defendant’s claim of a warranty appears to have been predicated exclusively on, an alleged “sale by sample,” but the record shows that the defendant failed even of the attempt to-show damages; that is to say, that the caps delivered and accepted were not of equal value with those ordered. The counterclaim -must, therefore, be taken to have been abandoned at the trial. It was unchallenged that all of the caps ordered had been delivered, and the defendant admitted his acceptance of $28.75 worth thereof, taking the caps at the agreed prices, and allowing for agreed discounts. The remaining caps the defendant had offered to return, but such offer the plaintiff’s assignor refused to accept. Plainly, upon these facts, the plaintiff was entitled to judgment for the full amount claimed by him. The contract was entire, and the defendant could not arbitrarily retain of the' while number such as suited him, and decline to receive the remainder. If all of the caps delivered did not come up to the required standard, he was not bound to accept any of them. Helther was the plaintiff’s assignor bound to be content with the defendant’s acceptance of a part of the caps agreed by the latter to he accepted by him. It was the defendant’s duty either to retain all or to reject all, in the absence of an agreement permitting him to do otherwise. Having accepted the caps in part, the defendant must he deemed to have accepted them all. Shields v. Pettee, 2 Sandf. 2f>2. If, after such acceptance, and of the caps proved to he deficit in quality, reliance for redress should have been made upon the warranty, if any.
It is urged in support of the judgment that there was evidence of an agreement, between the plaintiff’s assignor and the defendant, made after the delivery of the caps, that the defendant should he required to retain thereof oulv such as his customers would accept, which proved to he $28.75 worth, after deducting the agreed discounts. To this it is to be said that no such defense- *80 was pleaded, but, assuming that it was litigated by consent of the parties, it is plain that the defense last alluded to did not prevail, the judgment for $30.30 ‘being inconsistent with any such theory.
The judgment should be reversed, and a new trial had, with costs to the appellant to abide the event.
All concur.